Burke, J. (dissenting).
On defendant’s appeal from a conviction of robbery first degree and the unlawful possession of a dangerous weapon, the question presented for review is whether there is a sufficient independent basis for the in-court identification of the defendant untainted by a prior improper cell-block confrontation and the suggestive use of photographs for identification.
The conviction resulted from a robbery which occurred on October 18,1968 at about 2:00 a.m. at a White Plains gas station. The only eyewitness was one Jose Perez, an attendant at the station.
At the pretrial hearing, Perez testified that on the morning of the 18th he was busy in an inside bay of the station changing snow tires when an individual unknown to him walked into the station. The stranger asked for a copy of a New York State map and Perez gestured to a rack of maps but continued with the tire. The man got the map and returned to the bay, and Perez, who had gotten the wheel off the car, took it past him to the tire changing machine.
When Perez finished changing the tire, the man asked for directions to the Tappan Zee bridge. Perez supplied them and the man asked for change of a dollar. Perez walked to the cash register with the man behind him and when Perez opened the register, the man pressed a knife against his stomach. The robber took $115 and left the premises. Perez stated the defendant was in his presence for a total of five minutes.
Between October 18 and November 7, 1968 police detectives, on three or four occasions, brought photos totaling about 15 in all to Perez at work for his perusal but he was unable to identify them as the robber.
Finally, on November 7, 1968 Detectives Avery and Leach brought three photos to Perez at the service station. One photograph showed defendant in 1965 when he was 17 years old and had short cropped hair. The other photograph was a recent one taken in 1968 and showed the defendant with long hair. The third photo was of someone else. Perez identified the 1968 photo of the defendant as the robber but was unable to identify the 1965 photo.
Having made this identification on November 7, Perez was taken to a cell block at police headquarters where the defendant *500 was being held following an alleged altercation with a police officer.
Perez entered the cell block alone and saw “ three * * * colored people ” in the cells but could not make an identification because of the poor light. When the lights were turned up, he returned a second time and this time identified the defendant. The third time, accompanied by Detective Leach, he pointed to the defendant. No counsel was present during this confrontation and none had been assigned to defendant on the unrelated charge.
Following the identification by Perez of the defendant at the hearing, the prosecution closed its presentation. The defense then called Detective Leach as their own witness and received in evidence Detective Leach’s police report of October 18 containing a description of the robber given to him by Perez. Referring to this Detective Leach stated the robber was a male Negro, with dark complexion, 5 feet, 8 inches in height, but no questions were asked with respect to the length of his hair.
At the conclusion of the hearing, the court held the cell-block identification inadmissible but found “ beyond a reasonable doubt” that the in-court identification was “ not in any way tainted or otherwise affected by his prior identification of defendant’s photograph or by his identification of the defendant at police headquarters ”. The court also specifically found that Perez on November 7 identified a photograph of the defendant ‘ ‘ showing him with a full head of hair but failed to identify a second photograph showing him with closely cropped hair.”
The court properly excluded the cell-block confrontation in the absence of counsel (United States v. Wade, 388 U. S. 218; Gilbert v. California, 388 U. S. 263) since it took place after the prospective application of the Wade-Gilbert decisions (Stovall v. Denno, 388 U. S. 293). The question then narrows to whether the cell-block confrontation and the use of photographs was so suggestive as to involve a denial of due process (Stovall v. Denno, supra, p. 299) and the burden is on the prosecution to prove by “clear and convincing evidence” that the in-court identification is untainted by what took place previously (People v. Ballott, 20 N Y 2d 600, 606; People v. Logan, 25 N Y 2d 184, 191).
The cell-block confrontation was preceded by a photographic identification employing three photos, two of which were of the *501 defendant. Perez identified the 1968 photograph of the defendant with the long hair but was unable to identify the earlier one, three years previous, which showed him with short hair.
In Simmons v. United States (390 U. S. 377) the Supreme Court cautioned against the use of unrepresentative samplings of photographs since their use might result in misidentifications analogous to those occasioned by suggestive showups or lineups. A sampling of three pictures, two of which were the defendant, immediately preceding the improper cell-block confrontation was unduly suggestive and enhanced the possibility of misidentification already present at the cell-block confrontation.
Turning to the independent basis for the in-court identification, the observation by Perez took place over a 5-minute span during which time Perez was engaged in changing a tire as well as casual conversation with the robber. During this period, the robber was in close proximity to Perez, and in contrast to People v. Ballott (20 N Y 2d 600, supra) there was at least an initial period when Perez had a full view prior to the ‘ ‘ frightening and upsetting episode ” (id., at p. 607).
Nevertheless, there was a discrepancy in his testimony since the defendant was 6 feet tall and not 5 feet, 8 inches as stated by Perez. More importantly, on trial Detective Leach stated that the police report of October 18 contained a description of the robber as having ‘ ‘ short black hair ’ a fact not brought out at the pretrial hearing and contrasting sharply with the subsequent identification by Perez of the long-haired defendant at the cell block and in the 1968 photo, and his inability to identify defendant from his 1965 photo with short hair.
The description of the robber contained in the police report was obtained from Perez immediately following the robbery and prior to the imprint of the suggestive procedures which took place less than one month later. Thus it bears directly on the independent basis for the in-court identification. Since the description stating that the robber had “ short black hair ” was not elicited at the pretrial hearing, it cannot be said that the court made an informed judgment when it stated that there was an independent basis for the in-court identification ‘ ‘ beyond a reasonable doubt ” (People v. Ballott, 20 N Y 2d 600, 606, supra; People v. Logan, 25 N Y 2d 184, 191, supra) and hence a new hearing should be held to consider fully the description contained in the police report. (See People v. Rahming, 26 N Y 2d 411.)
*502 Accordingly, in view of the fact that the pertinent portion of the police report containing a description of the defendant immediately following the robbery was not considered at the initial pretrial hearing, I would modify the conviction to the extent of directing a posttrial hearing to fully consider this evidence in determining whether there is an independent basis for the in-court identification.
Judgment affirmed.